082536 People v. Oscar Grissett You may both step up and identify yourselves. Nicole Jones of the Office of the State Appellate Defender. For the appellant, Mr. Oscar Grissett. I am Assistant State's Attorney Ashley Romito on behalf of the people of the State of Illinois. Well, both of you have been here before, so you basically know if we can. If there's a lot of questions, obviously we're giving you more time. But try to stay within the parameters of the time. All right. Good morning, Your Honors. Again, my name is Nicole Jones, and I represent the appellant in this matter, Mr. Oscar Grissett. Today I intend to confine my remarks to Mr. Grissett's first issue, the Medina issue, but I'm happy to answer any questions that you may have about his Patrick issue. This case presents a narrow set of factual circumstances that has not been present in a published case since People v. Medina was issued in 2006 by the Supreme Court. Here, Mr. Grissett was charged with aggravated robbery and convicted of the lesser-included offense of theft of less than $300 from a person after defense counsel successfully tendered a lesser-included offense instruction on that offense. However, in no time did the trial court inquire of defense counsel whether he had advised Mr. Grissett of the appropriate penalties, nor did the trial court inquire of Mr. Grissett whether he agreed with the tender. When neither of these inquiries are made, we cannot assume based on a silent record that Mr. Grissett agreed to the tender, and we must reverse his conviction outright. As to that, that we can't agree as to whether or not he was advised, what about Rhodes, where they say just the opposite? Well, Rhodes actually followed Medina, but in Rhodes there was no lesser-included instruction tendered. Thus, Medina court distinguished between the tender of a lesser-included offense instruction where you should make inquiries to the defendant and to defense counsel, and where no lesser-included instruction is tendered, where you do not have to make these inquiries, and you can assume based on the defendant's silence. So here we have a tender of a lesser-included offense instruction and no admonishments are given. Aren't we giving an incentive for a defense attorney not to raise the issue of the inquiry in a situation where a judge doesn't make the inquiry sua sponte? Because aren't you creating a system here that basically, under your theory, creates a free trial? The judge doesn't ask the question. The defendant goes forward and may get acquitted, may not get acquitted. If he gets convicted, he can, without any further inquiry under your theory, have the case reversed and remanded. Well, we'll assume that the defense counsel wants to preserve his client's rights, but also the state's attorneys there also would know the rules and would want to have these inquiries made if the judge does not make them sua sponte. Furthermore, the decision to tender a lesser-included offense instruction has been compared to a guilty plea multiple times by the Supreme Court, and in a guilty plea, the onus is on the trial court to make admonishments and give these inquiries. So here we're... That's set by Supreme Court rule itself, and it's set out quite clearly for the trial judges there, which is different. And we have Medina, which is a Supreme Court decision that says this is what should be done. But we have situations where, for example, there are cases where, under Supreme Court rule, does their inquiries have to be made, and the Supreme Court has recently said that where they aren't made, the result isn't necessarily a reversal. Well, their inquiries are not considered the same as or analogous to a guilty plea or a stipulation that the evidence is sufficient to convict. And that's what the Supreme Court has said the tender of a lesser-included instruction is analogous to. Both of those instances, the guilty plea and a stipulation with a statement that the evidence is sufficient to convict. And in both of those instances, inquiries are required. So when you have a stipulation under Campbell, you need to both admonish the defendant and make sure that the defendant acknowledges on the record that he agrees to give this stipulation. Isn't that a slight overstatement? It's not that it's a stipulation that there's sufficient evidence to convict. It's that a reasonable prior effect may acquit them of the greater and convict them of the lesser. Well, as the Supreme Court said in Medina, the defendant is, in essence, arguing that in order for this lesser-included instruction to be given by the court, that the statement that the lesser-included offense could be proven based on the evidence before the court. Well, they're really saying, aren't they, that we, the defense, disagree with any conviction, but if it is a conviction, it could just as easily be a conviction for the lesser because there are certain things that could be proved on the greater that may not be proved and would constitute still a conviction on the lesser. It's not an agreement that there are sufficient facts to convict. It's an agreement that... What a plea of guilty is. Right, but it's analogous to a plea of guilty. It's not a plea of guilty. It's analogous to a plea of guilty and has been said to be treated the same. So he is exposing himself to this additional criminal liability. Is he exposing... In this case, based on the facts, I think we can all conclude that if it had not been given, the odds are he would have been convicted on the other charge. In this case, is it greater or lesser? Isn't this actually lesser? He was given the opportunity for a lesser finding. Well, we can't agree that he would have been convicted of a greater offense because the jury had it before them and on these facts, did not find sufficient evidence to convict him of the greater offense. But if they hadn't had the option. If they hadn't had the option, there's always a possibility that they would have acquitted. Do you really believe that based on the facts that he wouldn't have? Based on the facts, there's a possibility and it seems that the jury did believe... Missed a possibility. I can't say for sure what the jury would have done if there hadn't been a lesser included offense given. But that option should have been before Mr. Grissett and the burden was on the state to prove the greater offense. Now here, the jury found that they... You didn't answer my question. Is this... We've got Medina and Brock Smith saying one thing about the greater exposure. But is he really being exposed to more or is he being exposed to less? He's being exposed to more. He's being exposed to... A lesser... If he was convicted, would not... On the greater, he would have gotten more time. On this, he's getting less time. Right, that's true. He is getting less time. So it's a lesser. It is a lesser included offense. However, he is exposing himself to another offense that was not charged, that there was no indication that the state was going to give this lesser included offense instruction and that he would have been exposed to this charge and thus exposed to conviction on this lesser offense. And there was no indication that the court was going to give this instruction. So in this way, he's exposed to this other criminal liability because if the jury does not find sufficient evidence, which it clearly didn't, to convict him of the aggravated robbery, they can acquit him. And that possibly could have happened here had Mr. Grissett been properly advised of the penalties or asked on the record whether he agreed to the tender of the lesser included offense. Now here, on this record, Mr. Griss... We can assume that Mr. Grissett was not properly advised of the penalties. His counsel stood up after the guilty verdict and said theft of less than $300 from a person is a misdemeanor. It's not. It's a Class III felony. And Mr. Grissett was extendable based on his prior convictions. Well, here's my question. If you read the language directly of Medina, it says when a lesser included offense instruction is tendered, we believe that the trial court should conduct an inquiry of defense counsel in defendant's presence to determine whether counsel has advised defendant of the potential penalties associated with the lesser included offense, and the court should thereafter ask the defendant whether he agrees with the tender. Now in this situation, if they had had that exact inquiry taken from the words of the Supreme Court's opinion, without more, presumably the defense attorney would say, had he done so, yes, I have told him the potential penalties. And then the defendant, do you agree with the tender? Yes. And this doesn't solve the issue of if what you just said was the case. That is, that the defense attorney misapprehended the offense class. So you would have had the situation where complete agreement with and complete conduct, as this court decision says, would have resulted in probably a worse situation because it would have assured everybody that it was done with open eyes without making an inquiry to the defense counsel. So what offense level did you tell your client this lesser included would result in? I think that's right, but that's a different case. In that case we're talking about an ineffective assistance of counsel claim. Well, isn't that one of the claims you've raised here? It is, but it's part of the Medina claim, and the Medina claim is really the onus is on the court to just make sure. Maybe if the court had inquired of defense counsel, did you advise some of the proper penalties of theft of less than $300 per person? So we have a judge creating a mistrial. We have a judge who did not give the proper inquiries, and these inquiries are commonly given. No, I'm saying if the judge had asked the question. If the judge had asked the question, then... And in his hypothetical... Well, if the judge had asked the question, then defense counsel would have had an opportunity to realize his mistake, that this was a different theft. There are many different classes of theft. I'm just asking, have you advised your client of the potential penalties associated with the lesser included offense that would have solved the problem? That would have had the attorney saying, oh, my goodness, I told him it was a misdemeanor, and it really is a class 3 felony. How would that occur based on that inquiry? Well, perhaps if he had said, have you advised him of the penalties associated with theft of less than $300 from a person? Because he did remind him at sentencing that this was from a person, which was different than theft of less than $300 not from a person. Or perhaps if he had said, did you advise your client of the potential penalties? Maybe he didn't advise his client of the penalties, and that would have forced him to go back to the statute book and look and see what the instruction was that he was tendering. The Supreme Court has made it pretty clear that the difference between not tendering an instruction and tendering an instruction is that we can assume based on the silence when he does not tender the instruction that he agrees not to tender. But if we don't ask these questions, we don't know if the defendant agrees. And because this is so like a guilty plea, the onus really is on the court here. And the prejudice is in the form of his conviction on this lesser offense when he could have gotten an acquittal. The Medina court held that if there is no tender, there's no need for any admonishment. That's the holding of the court. Isn't the rest of this just dicta? In other words, they don't tell us what happens if no admonishment is given. They don't tell us how to proceed if the record is silent like we have in this case. It is dicta, but it's judicial dicta, and it's dicta from the court of last resort. So it's controlling on all of the lower courts. But further, although we don't get the exact remedy in Medina, we can just look to Brocksmith where the remedy was given. So in this case, we asked for outright reversal, and we'd like to acknowledge that in our opening brief we asked for reversal and remand, which was the remedy requested in Medina when the defendant was convicted of a greater offense. Here, Mr. Grissett was convicted of the lesser offense and acquitted of the greater, which is what happened in Brocksmith. And so there, because we couldn't say that the defendant had made the final determination to tender this instruction, it was outright reversal, because you can't retry on the greater offense because he's been acquitted. So this is double jeopardy. He cannot be retried. And as for retrial on the lesser offense, he cannot be retried on that offense because it perpetuates the error. But under your scenario, assuming we agree that there is error that requires a reversal, you would exacerbate the situation that I discussed in my first question to you. It's a jackpot situation for the defense counsel where a judge doesn't make an inquiry. And it may even be ineffective assistance of counsel, under your theory, for the defense counsel to tell the judge that you should make an inquiry under those circumstances. Because under your proposal, what would happen is if there is no inquiry and the defendant is convicted of the lesser, which the defense counsel himself submits, under your theory, then you can't retry him at all. But you've already had a full opportunity to try him on the greater offense and have failed to meet the burden. So that's why this seems like a jackpot situation. But if you look at Brocksmith, who had that full opportunity, and here the only reason why he's been found guilty of that lesser is because he's been exposed to it by defense counsel and he's unknowingly conceded this extra criminal liability. But taking Judge Smith's question, if you just went to trial on the greater without any acquiescence by the defense counsel at all, then the acquittal on the greater would end the whole matter. But when the defense counsel introduces the concept of the lesser included offense, which may give the jury the opportunity to reach a compromise verdict that wouldn't otherwise exist had defense counsel not submitted that instruction, under those circumstances, in essence, in gamesmanship, you would create a situation where the defendant who, under some circumstances, may be guilty of both or may be guilty of the lesser, would be totally acquitted just because of the actions of the defense counsel in submitting an instruction and remaining silent when the judge omits to ask the questions under Medina. Isn't that the case? I mean, we would create that situation, but we can't expect a defendant to assert a right that he doesn't know he has. We can't expect here the entire... Well, where do we know that he doesn't? We don't know one way or the other. We don't know whether he knows he has that right or not. It's true, but we can't expect him to assert a right that he may not know he has. In a plea of guilty situation, where the plea goes, that doesn't create double jeopardy. You'd remand the case. You remand the case because they haven't had the full opportunity to prove their case. Here they had the full opportunity to prove their case, and this is just like a guilty plea. If defense counsel sits silently and says, hey, we're going to plead guilty here, and the defendant doesn't say anything, we don't accept that guilty plea. Rhodes and Rowell and Steigman don't agree with you. They say that you are borderline pushing, that this type of an action is pushing one of the five, that being a judge giving the admonishment, back to the other side, meaning it's not one that a judge should have to give. So basically they're saying that you're creating a situation wherein we, the Supreme Court, in the future, are going to have to change this rule. That's what Rowell and Rhodes are saying, and Steigman very actively is opposed to this whole theory. Well, Rhodes is not factually analogous. Actually, Rhodes, there's no... Oh, it's the opposite, but they're saying that, in effect, just what Justice Epstein said, you're creating a scenario where there's not going to be true justice. I think in Rhodes, they're not saying that. They're saying that if he is silent when there's no lesser-included offense instruction tendered, we can, as stated in Medina, assume that he made the decision not to tender. So what's the difference? I mean, it's just changing whether it's given or it's not given. Well, Medina makes a clear distinction between the decision to tender and the decision not to tender. When he tenders the lesser-included offense instruction, he exposes himself to extra criminal liability. I know you disagree about that. Smith doesn't agree with you on that either. Well, Medina says that he exposes himself to additional criminal liability. That's been the rule since Brock Smith, that he exposes himself to additional criminal liability. But Smith hasn't been overruled. I'm sorry, I'm not familiar with... Smith and the case you cited are actually in opposition to each other. But neither of them have been overruled. Smith basically stands for the proposition that if it is not tendered, no harm, no foul. Right, and that's the difference here. Actually here, we have a tender of the lesser-included offense instruction. All of the cases cited by the state other than Calderon, there's no tender. And so this is why this is so on point with what the Supreme Court was discussing in Medina. When we have a tender of a lesser-included offense instruction, he's exposed to this other liability. And here he was convicted of it. So that's where... So we have the error, which is when he tenders the lesser-included offense and there's no inquiry. What do you think of harmless error here? Putting aside the attorneys. I would say that it would be... Yes, to the judge not giving it. It was clearly not harmless error because we know that Mr. Grissett was not properly apprised of the penalties. And we also don't know... No, I said putting aside the attorney allegedly not knowing the sentence or misdemeanor felony issue. Putting that aside, harmless error? Well, Mr. Grissett may or may not have known that he actually had the choice to tender this lesser-included instruction. And he might have decided to go... After two 402s, you're saying he wouldn't know? I don't understand how a 402 instruction would have informed him about his right to tender a lesser-included offense instruction. He might not have been informed about that. He's not an attorney. He's just a defendant. And it seems that... So now you're going back to Freeman's argument that this should not be the decision of the defendant. It still should be the decision of the attorney. No, it should be the decision of the defendant. However, he should have these inquiries made so that he makes this decision knowingly and voluntarily, just as he would with a guilty plea. Just as he would when a stipulation is entered and there is a statement... So what's the perfect scenario for a judge to do here? The perfect thing for a judge to do is just to make those two inquiries and then we don't have this question before the appellate court. And they're very simple inquiries. They're not the same inquiries that we require in a guilty plea. They're two simple inquiries. They're one to defense counsel. Hey, have you advised the defendant of the potential penalties? And they're second to defense counsel. Do you want to submit this lesser included instruction? And once those things are made, we don't have any error to complain of because he has had the admonishments and we can assume that his counsel has properly admonished him. Now if you have this situation where on the facts he comes up and he says, this is a misdemeanor and he should get less than one year, then maybe you have another issue that isn't fully developed on the factual basis. But here the onus is on the court to prove that or to make these admonishments or these inquiries just as they would be with the guilty plea. So we ask that you review this under plain error. It meets both prongs of plain error. This was a he said, she said situation. And the jury found him guilty of the lesser and acquitted him of the greater, showing that the jury likely found the facts to be close here. Secondly, this falls under the second prong of plain error. This implicates a substantial right. The decision to tender a lesser included offense instruction is a substantial right under Brocksmith. And it's analogous to a guilty plea. So it does fall under the second prong of plain error as well. In closing, because there's nothing on the record, that indicates that Mr. Grissett knowingly and voluntarily made the ultimate decision to tender this lesser included offense instruction, we ask that you reverse Mr. Grissett's conviction outright. Or in the alternative, for the other reasons stated in our brief, that you reverse and remand for a new trial. Thank you. Thank you, Ms. Jones. May it please this honorable court, again, I'm Assistant State's Attorney Ashley Romito. Obviously counsel and I have diametrically opposed positions on this case. The defendant here is advocating a bright line per se rule of automatic reversal, labels its structure, defies harmless error analysis, even when preserved in that no prejudice need be established. Well, can we start, Ms. Romito, with the concept that A, there was an error by the trial court. I disagree, actually. Even under Medina, when there was a tender of a lesser included instruction by the defense, the judge didn't have an obligation, post Medina, to make the inquiry that the Medina court, which I quoted, said? Let me tell you my position on Medina. Right now, I suggest it's not error. They did not make it a mandatory rule of law that courts are obligated in each and every situation to tender that instruction. By analogizing it to a plea of guilty, you don't think that creates the duty? No, it doesn't, and here's why. There was no mandatory language. First of all, it was dicta, as you mentioned, Justice House. And judicial dicta, no, I think it was a bitter dicta. The very issue in Medina, which counsel rightly recognized, the issue that was plaguing defendants was attorneys saying they would make the ultimate decision not to tender an all-or-nothing defense, a cowboy-like tactic, thereby depriving a defendant, perhaps, of being convicted of something lesser. That was the very issue briefed and argued and presented before the Illinois Supreme Court in Medina. It was not dispositive. The additional language with respect to when there is a tender wasn't dispositive to the decision in any way. Now, insofar, as you look at the language itself, the reason I say that it wasn't mandatory is because they used the prophylactic word shall. And nothing in their language gives the force of a command. It's all directory. You don't see the word shall. You don't see the word duty. You don't see the word requirement. You don't see the word mandatory. And you don't hear anything about failure or a remedy. And for those reasons, I suggest it's advisory. And our position would certainly be that you would review this then for an abuse of discretion. Particularly, did Judge Sullivan abuse her discretion when she did not follow that directive? And it was a directive, and it's a good idea most of the time. In fact, shouldn't the state have said as long as their defense is asking for this lesser, shouldn't we make an inquiry, as Medina suggests, under your theory? Well, the burden would not be on the state. Well, look at the position you put the assistant state's attorney in. And it would be along the lines of a Smith situation where the defendant doesn't testify. And maybe the prosecutor is chomping at the bit because they would like to cross-examine this defendant. If the state's attorney speaks up, and now after they were just vociferously objecting to that lesser included, which trial counsel had every right to do, and I suggest wasn't improper, even though this stuff technically does fall under a lesser. The state's attorney is objecting vociferously. They don't want this lesser included. Now they're going to turn around and look at this defendant and say, well, are you sure you're admonished, Mr. Grissett, who, by the way, we are not dealing with any defendant when we look at the record in its entirety on this case. This is a defendant who asserted himself from the minute he walked in the courtroom, asking for discovery, filing SOJ motions, concerned about the convenience of his schedule when the cases were continued. He asked for a later date so he could go to anger management classes. So annoying defendants are entitled to less rights than anybody else. Absolutely. No, I'm certainly not saying that. What I'm saying is we should look at this record as a whole. And I will give you a quote to something Mr. Medina said. I'm sorry. How do we administer such a rule if it varies depending on the defendant's apparent knowledge of the legal system? Isn't that rather difficult to go through? Well, let's look at when you have a codified rule. The right to a jury trial, the attorney under Bracey, which is cited by Medina, the attorney can waive his client's right to a jury trial while the defendant sits there and remains silent, and that's generally a valid waiver. Look at the fundamental right to plead guilty. The defendant still must preserve that. He can absolutely waive an admonishment. And at the end of the day, you still have to establish that real justice was denied. In other words, prejudice. You follow this bright-line rule that we have here without even the benefit of having a conversation with trial counsel Mark Kozatsky or Oscar Grissett, who had no problem saying earlier in the case with a different lawyer, whatever the decision that it was against my wishes, I let it be known to him that those were against my wishes. He still chose what to do. I wish to speak up. I want you to know this, judge. This was a defendant who did speak up. This was a defendant who was no stranger to the criminal justice system. He had a murder conviction. He had a PSMV. He had a burglary. He knew how to file a federal lawsuit against his lawyer to get him thrown off the case. He knew how to make an IRDC complaint. He knew how to contact the public defender's supervisor. And at the end of the day, he got a lawyer. Mark Kozatsky made sure every step of the way he told Judge Sullivan, I am working with him. I am meeting with him. I am discussing this with him every step of the way. And what's telling, I want to go, I can see, Justice Epstein, you're troubled at that comment. It just could be an upset stomach. You really can't. I can tell about Mark Kozatsky's comment about it being a lesser, the misdemeanor. Now, counsel could suggest whatever he wants at the bond hearing, okay? What harm does it do for him to ask for this be labeled as a misdemeanor? He had prepared that theft instruction. Until you have a conversation with him, how do you know, how do any of us know, what conversation was had with the defender, Oscar Grissett, or whether or not he knew? He did have two 402 conferences indicating he was in substantial agreement to plead guilty to a mandatory Class X charge, okay? When the court said, no, you're not getting out on bond after he was convicted of the lesser, the Class A misdemeanor. This is a Class III felony. The defendant, Oscar Grissett, did not complain one time. And even more telling, they took an extended date for the post-trial motion, okay? And Mark Kozatsky passed that case. He said, before I file my motion for a new trial, and his exact quote, he specifically asked it, I want to pass the case to talk to the defendant. The jury gave me what I asked for, but I just want to talk to him with regards to that issue. And after speaking to the defendant, they stepped aside. There was no amendment to that post-trial motion. So why would we, under the circumstances and facts of this case. What would the amendment to the post-trial motion conceivably be? The amendment would be, I didn't know. Something along the lines of the affidavit. So you would expect him to raise his own ineffectiveness at that point? Absolutely not. And I'm not saying it was ineffective. But what I would expect from the defendant, Oscar Grissett, is to voice a complaint. I was shocked. I thought it was a misdemeanor. I thought that I was always exposing myself to. Wait, a Class III felony. Oh, in absence of the Class X. No, now I'm appalled. I'm upset. I don't want this lawyer. I want to raise another complaint. Something along the lines of Krankel, I would expect to see. But this would, there or in a post-conviction petition. So it becomes the defendant's burden, represented by counsel, to independently voice his displeasure. Otherwise, we presume he's pleased with the result. Why not? Yes. Absolutely. When we're looking at admonishments, and I know counsel pointed to, in a Woodfield, that is when you're not getting the benefit of a bargain with respect to a plea. Brocksmith itself was a post-conviction petition. There was no contest. Counsel filed his own affidavit saying, I made a mistake. I misadvised him as to the range of sentences. It was even more telling, though, that defendant said, I didn't agree to it. What is significant with respect to this right? I don't agree it's a fundamental right. What it is, is a personal right. It can't be raised to the level of structural error, first of all. And you did point to People v. Thompson. Our Supreme Court has made it very clear, dovetail Arizona v. Fomenante, and later Gonzalez-Lopez, as to the very limited number of things that can be labeled structural. Again, along the lines of that in Thompson, the second prong of plain error analysis is simply that. Structural error is what's preserved. Plain error is a savings clause for forfeited. Going back to the analogy that the Supreme Court makes to the plea of guilty, wouldn't the omission of the minimum and the maximum sentence as part of the admonitions on a plea of guilty be just the type of matter that would require that the plea be vacated? Potentially on a plea of guilty. But the significant word here is it's analogous. It's not the same. You can't elevate a decision to tender and the same, it's not exactly the same as a decision to plead guilty. Otherwise, I. It wasn't my analogy, it was the Supreme Court's. Well, and they make that mention in dicta and they don't use mandatory language. And we are dealing with an unusual scenario where they do not discuss a remedy. And this would be actually elevating it to a situation where a defendant wasn't admonished or real justice wasn't spread. Otherwise, it can't be reconciled with Garcia where, you know, the question of whether I'm going to even ask a tender, whether or not you actually get it. If the court can sui sponte tender over the defense objection. If I, as a prosecutor, can say, well, I didn't charge with it to begin with, but I want you to have it after the fact, you ought to object now, it's too bad. If all of that is perfectly legal under the law, you can't raise this to something it's not. You would certainly need to establish some type of prejudice. And it does open the door to gamesmanship. You know, Mr. Grissett voiced no complaint. We know we had a proclivity to do so. And I'm not suggesting that defendants are obligated to do that. What I'm asking you to do is to look at this record, the totality of the circumstances, and see that this defendant was not deprived of due process. And as an additional aside, our entire body of law and jurisprudence surrounding due process has never led to double jeopardy. That has been strictly held for cases where there's a sufficiency of the evidence problem, as was stated in Oliveira most recently by the Supreme Court in McNown. Therefore, it's an extraordinary remedy that would only be acceptable in the situation. So how do we write around this? When I say write around, we have to take into consideration the attorney might have misinformed his client, one. And two, how do we write around, and I obviously don't fully agree with my two fellow justices that this is mandatory. I think it is not mandatory, but it is in conflict. It is a conflict because under Smith you go one way, under the other case you go another way. And it appears to me that the Supreme Court created a mess by their Medina ruling, which is among a few others, one of which I gave at a seminar Hudson last night that just screwed every plaintiff or defense attorney, period. So I'm saying I'm not 100% in belief that the Supreme Court always gives the ultimate proper decision. It's quite often they only give half a decision. Well, what I would suggest under the facts and circumstances of this case, you can write an opinion saying that Judge Sullivan did not abuse her discretion. And look at, compare it to a situation of people versus Smith. And we're talking about a defense. Wait, to testify, okay. I'm sorry, are we really talking about abuse of discretion here, or are we talking about something else, a failure to do something that perhaps is maybe the Supreme Court order? We have to step back, and I don't think it's a mandatory requirement. Now, they have recommended guidelines. And we know that courts do that. And look at Sinott, excuse me for mispronouncing, which was cited favorably by Garcia, that certainly courts do impose guidelines. Now, look at Smith and look at Medina. They both advise not to admonish a defendant about the no tender. They both advise don't admonish a defendant about not testifying. Most trial lawyers do say, hey, can you admonish my defense attorney? Probably because they don't want to be caught in this. But at the end of the day, that doesn't rise to a level of strickland. We know that. But what I'm saying is just because they advise something doesn't mean that you need to do it, as long as you do not abuse your discretion and interfere with the attorney-client relationship. And I think the facts and circumstances of this record indicates that it would be something along the lines of Smith. If Judge Sullivan was to suddenly start questioning Oscar Grissett about maybe he shouldn't tender this and say he chose to withdraw it, we would be looking at a different situation, perhaps potentially overstepping boundaries. So I think under the facts and circumstances. Even after Medina, to make the exact inquiry that Medina, in your words, suggests that would be overstepping the bounds of the trial judge? If it was considered a situation where she talked him out of it, potentially. And that's the risk you run. But I'm trying to compare the two that just because you advise a court to do something doesn't mean that you're prohibited from doing it. And the fact that she didn't, under the facts and circumstances of this case, since it's not a mandatory requirement, she certainly did not abuse her discretion. And I would ask that you affirm the defendant's conviction and sentence. Thank you, Ms. Medina. Thanks. Just a very short rebuttal. DePaulo, which is cited by the state, says that this is de novo review. The facts here are not in dispute. This can be reviewed de novo. Also, on the point that Medina, when Medina says that these inquiries should be given, that it is discretionary rather than mandatory, Medina cites Campbell, which says that admonishments must be given, that the defendant must personally agree. It also cites Smith in the same paragraph. Right. However, in Smith there was no lesser included offense instruction tendered. And that's really what Medina says. Medina says, were no lesser included offense instructions tendered, you don't have to give them. You only have to give them when the considerations in Campbell are present. And that's what it says in Medina, the considerations are present. But then Rhodes goes on to attack those very arguments. Rhodes does not attack Medina. Rhodes follows Medina pretty much to the letter. Rhodes says, hey, when there's no lesser included offense instruction tendered, we can assume based on the defendant's silence that he made the decision not to tender, which is the holding of Medina. It may be that when our Supreme Court delineates five decisions that belong ultimately to defendant and not to counsel, it conferred defendant not only the right to make those decisions, but also some responsibility for their consequences, meaning he should have spoken up if we were to take your position. It also may be that such decisions, even if normally defendants can be challenged as being the result of ineffective advice under precisely the same standards as any decision belonging to counsel. If true, the second idea weakens the assumption that the decision belongs to the defendant and perhaps moves this one of the five defendant decisions closer to being a finely drawn, is the choice is to allow the state to present the case by stipulation, which belongs to counsel. So that doesn't agree with you. So don't say Rhodes agrees with you. When he does not express himself and he does not... Which is what you allege he didn't do here. When the instruction was tendered. But when the instruction was not tendered, which is what happened in Rhodes, he had the obligation to say, I want something tendered. That's the difference in Medina. I understand that Rhodes is trying to attack Brocksmith, which is the 1994 case that says that this belongs to the defendant and that this decision is exclusive to the defendant. But it's not attacking specifically the Medina decision. Furthermore, I'd like to respond to the state's argument that Mr. Grissett's prior contact with the judicial system would allow him to know that he had this right. He had one prior exposure to the judicial system. It was in 1992 before Brocksmith. So that doesn't necessarily make him know that he would have this right. And Medina doesn't say that this right is like a jury waiver. Medina, Brocksmith, the cases that talk about tendering a lesser-included defense instruction say this is like a guilty plea, not like a jury waiver. And Medina goes on to discuss what we do with all of these defendants' rights and says this is like a guilty plea. And I'd also like to talk about what Mr. Grissett said at allocution. Mr. Grissett said at allocution he didn't understand how this was a theft. I also don't think that because he objected at certain times earlier, he should be held accountable for now not making an objection when the court admonished him several times to stay quiet and let counsel talk for him. So in conclusion, for all of the reasons stated here and in our briefs, we ask that you reverse Mr. Grissett's conviction outright or in the alternative, reverse the demand for a new trial. Thank you. Interesting case. I'm hoping somehow one or the other, I mean, try to force this case to go up. Because I don't think any of us, if there's this much argument, it means there's no unanimity of thought, which tells me that Medina didn't answer the question that was raised here.